IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RODNEY J. MOODY**                                                                                   **PLAINTIFF**

**V.**                                                                  **CASE NO. 3:13cv750-HTW-JCG**

**MARK QUARLES AND MARTY WILLIAMS**                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court for *sua sponte* consideration of dismissal. Having reviewed the facts and applicable law, the undersigned issues this report and recommendation that the complaint [1] filed by Plaintiff Rodney J. Moody be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Rodney J. Moody was charged with two counts of possessing a controlled substance with intent to distribute in violation of 18 U.S.C. § 841(a)(1) on September 3, 2009.[1] Moody was held as a pretrial detainee pursuant to an order of detention entered on October 2, 2009. *Id.* at [32]. The pretrial service reports submitted at the detention hearing were prepared by Mark Quarles and Marty Williams (collectively "Defendants").[2]

Moody was ultimately acquitted and all charges were dismissed with prejudice on June 30, 2010. *Id.* at [58]. On December 2, 2013, Moody commenced this lawsuit against Defendants for monetary relief ($40,000) and alleged that the judgment of acquittal

---

[1] *United States v. Rodney Moody, et al.*, 4:09cr18-DPJ-LRA (S.D. Miss.).

[2] *Id.* at Minute Entry on September 28, 2009 ("Minute Entry for proceedings held before Magistrate Judge Linda R. Anderson: Detention Hearing as to Detrine Hudson, Rodney Moody held on 9/28/2009. Appearances: Erin Chalk, AUSA; Richard Rehfeldt, counsel for Defendant Detrine Hudson and Garland Lyell, counsel for Defendant Rodney Moody, Robert B. Wilder, Jr., Mark Quarles and Marty Williams, USPO. The Court heard evidence and testimony through the direct and cross examination of the Government's witness, Jeff Jennings and the proffer of the Pretrial Services Reports for each Defendant. … The Court considered all of the evidence and testimony presented by both the government and each defendant as well as evidence in the Pretrial Services Reports and finds that the Defendants should be detained while awaiting final disposition in the instant case. These Defendants were remanded to the custody of the U.S. Marshal. An Order of Detention setting forth the specific findings of the Court will be entered herein.").

rendered his pretrial detention in the criminal trial unconstitutional. [1]. Moody was granted leave to proceed *in forma pauperis* on February 10, 2014. [5]. The pertinent portion of the controlling *in forma pauperis* statute states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> \*         \*         \*
> (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e).

The claims asserted in this lawsuit seek monetary relief from two federal probation officers for improperly preparing pretrial service reports that were submitted during the judicial phase of a criminal trial. Federal probation officers are absolutely "immune" from such claims, and therefore the dismissal of this lawsuit is appropriate pursuant to § 1915(e)(2)(B)(iii):

> We hold that a probation officer is entitled to the same protection when preparing and submitting a presentence report in a criminal case. The report is an integral part of the sentencing process, and in preparing the report the probation officer acts at the direction of the court. … We think it apparent that this narrow function is "intimately associated with the judicial phase of the criminal process" and thus, where, as here, the challenged activities of a federal probation officer are within this function, he or she is absolutely immune from a civil suit for damages. … Defendants' activities were within this protected function, and the complaint seeking damages was properly dismissed.[3]

Likewise, the dismissal of this lawsuit as "frivolous" pursuant to § 1915(e)(2)(B)(i) is also warranted under these circumstances:

> Although not explicitly relied on by the district court, Thurman was likewise entitled to absolute immunity with regard to Overbey's claim that she prepared an inaccurate presentence report. Because both Douciere and Thurman were entitled to

---

[3] *Spaulding v. Nielsen*, 599 F.2d 728, 729 (5th Cir. 1979) (citations and quotations omitted); s*ee also Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, n.10 (5th Cir. 2000) ("The preparation of a presentence report is a narrow function that is 'intimately associated with the judicial phase of the criminal justice process.'").

absolute immunity, the district court did not abuse its discretion in dismissing Overbey's § 1983 complaint as frivolous.[4]

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that the complaint [1] filed by Plaintiff Rodney J. Moody be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.

Signed, this the 5th day of February, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE

---

[4] *Overbey v. Roberts*, 216 F.3d 1079 (5th Cir. 2000).